## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Goehring

v.

Roberts

April 29, 1985

Case No. (Law) 9532

By JUDGE DONALD H. KENT

The defendant has asked the Court to quash service of process and dismiss the case for lack of jurisdiction.

The defendant, a resident of North Carolina, advertised the sale of his boat in *Yachting* magazine. The plaintiff, a resident of Virginia, responded to the advertisement. The parties communicated with each other by telephone and mail. A written offer was prepared and signed by the plaintiff and mailed to the defendant in North Carolina where it was accepted and signed. The plaintiff went to North Carolina where he inspected, paid for and took possession of the boat. Plaintiff, thereafter, filed this suit alleging fraud and breach of contract.

Section 8.01-328.1(1) of the Va. Code is a single act statute that requires only one transaction by the defendant in Virginia to confer personal jurisdiction in our Court. But the defendant must have established minimum contacts with Virginia, otherwise, requiring him to defend his rights here would offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). It is essential that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within Virginia, thus involving the benefits and

protection of our law. *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736 (1971).

The Court finds that the defendant's contacts do not satisfy the transacting business test prescribed by the Virginia General Assembly nor do the contacts constitute minimum contacts which would permit this Court to exercise jurisdiction over the defendant.

Mr. Jones should prepare an order quashing service of process and dismissing this case.